McDonald Lumber Company, Petitioner-Appellant,

v.

Wisconsin Department of Revenue, Respondent.
[Case No. 83–499.]

Chester R. McDonald, Petitioner-Appellant,

v.

Wisconsin Department of Revenue, Respondent.†
[Case No. 83–500.]

Court of Appeals

*Nos. 83–499, 83–500. Submitted on briefs October 31, 1983.— Decided January 17, 1984.*
(Also reported in 344 N.W.2d 210.)

For the appellants the cause was submitted on the briefs of *Kaftan, Kaftan, Kaftan, Van Egeren, Ostrow, Gilson & Geimer, S.C.* and *Robert H. Geimer* of Green Bay.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Gerald S. Wilcox,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   The circuit court upheld the Wisconsin Tax Appeals Commission's dismissal of a petition for review filed by Chester R. McDonald and McDonald

† Petition to review denied.

Lumber Company. Because the petition was not filed within thirty days as required by sec. 73.01(5)(a), Stats. (1977), we affirm the judgment.

Section 73.01(5)(a), Stats. (1977), required petitions for review to be filed within thirty days. The only statutory exception is if the petition is mailed by certified mail, the petition being deemed filed when mailed. Regular mail is not certified mail or its equivalent.

The commission was not bound to follow a 1974 circuit court decision holding that a petition, timely mailed by regular mail, conferred jurisdiction on the commission even though the commission did not receive the petition within thirty days. McDonald argues that because the department failed to appeal the circuit court decision, the commission was bound by the decision pursuant to sec. 73.015(2), Stats., which provides in part:

If the circuit court construes a statute adversely to the contention of the department of revenue, the department shall be deemed to acquiesce in the construction so adopted unless an appeal to the court of appeals is taken, and the construction so acquiesced in shall thereafter be followed by the department.

McDonald's argument ignores the purpose of sec. 73.-015(2). This statute is designed to insure tax law stability by allowing taxpayers to rely on unappealed circuit court decisions in structuring their financial affairs. The purpose of the statute is stability in substantive tax matters, not procedural stability. No taxpayer would structure his financial affairs with an eye to tax appeals procedures. *See Brachtl v. Wisconsin Department of Revenue,* 48 Wis. 2d 184, 189–90, 179 N.W.2d 921, 923 (1970). Also, the commission cannot create subject matter jurisdiction.

*By the Court.*—Judgment affirmed.